MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LEONARDO PAJARITO, CARLOS PEREZ,
and JONATHAN SANCHEZ, *individually and*
*on behalf of others similarly situated,*

*Plaintiffs*,

-against-

LATIN BRANDS RESTAURANT GROUPS
INC. (D/B/A SALSA BEMBE), LUCAS
LUCIDO, DEVIS BERATI, and ALEX
ARIZMENDI,

*Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Leonardo Pajarito, Carlos Perez, and Jonathan Sanchez, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Latin Brands Restaurant Groups Inc. (d/b/a Salsa Bembe), ("Defendant Corporation"), Lucas Lucido, Devis Berati and Alex Arizmendi, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendants Latin Brands Restaurant Groups Inc. (d/b/a Salsa Bembe), Lucas Lucido, Devis Berati and Alex Arizmendi.

2.      Defendants own, operate, or control a Puerto Rican restaurant, located at 811 Mclean Ave, Yonkers, NY 10704 under the name "Salsa Bembe".

3.     Upon information and belief, individual Defendants Lucas Lucido, Devis Berati and Alex Arizmendi, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs were employed as waiters/servers and busboys at the restaurant located at 811 Mclean Ave, Yonkers, NY 10704.

5.     Plaintiffs were ostensibly employed as waiters/servers and busboys. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to food expediting, cleaning the counter, silverware and bathrooms, sweeping and mopping, hosting, taking out the garbage, answering the phone and shoveling snow,), hereafter the ("non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wage, overtime and spread of hours compensation for the hours that they worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay.

8.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10.     Defendants employed and accounted for Plaintiffs as waiters/servers and busboys in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

- 2 -

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as waiters/servers and busboys instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at the lower tip-credit rate (which they still failed to do).

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs," and other tipped employees" tips and made unlawful deductions from Plaintiffs' and other tipped employees' wages.

15.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

20.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Puerto Rican restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

21.     Plaintiff Leonardo Pajarito ("Plaintiff Pajarito" or "Mr. Pajarito") is an adult individual residing in Westchester County, New York.

22.     Plaintiff Pajarito was employed by Defendants at Salsa Bembe from approximately September 2020 until on or about February 15, 2021.

23.     Plaintiff Carlos Perez ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Westchester County, New York.

24.     Plaintiff Perez was employed by Defendants at Salsa Bembe from approximately August 2020 until on or about February 2021.

25.     Plaintiff Jonathan Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in Westchester County, New York.

26.     Plaintiff Sanchez was employed by Defendants at Salsa Bembe from approximately August 2020 until on or about May 2021.

*Defendants*

27.     At all relevant times, Defendants owned, operated, or controlled a Puerto Rican restaurant, located at 811 Mclean Ave, Yonkers, NY 10704 under the name "Salsa Bembe".

28.     Upon information and belief, Latin brands Restaurant groups Inc. (d/b/a Salsa Bembe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 811 Mclean Ave, Yonkers, NY 10704.

29.     Defendant Lucas Lucido is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lucas Lucido is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Lucas Lucido possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.     Defendant Devis Berati is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Devis Berati is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Devis Berati possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.     Defendant Alex Arizmendi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Arizmendi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alex Arizmendi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

32.     Defendants operate a Puerto Rican restaurant located in Yonkers, New York.

33.     Individual Defendants, Lucas Lucido, Devis Berati and Alex Arizmendi, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

34.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

38.     Upon information and belief, Individual Defendants Lucas Lucido, Devis Berati and Alex Arizmendi operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

39.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

40.     In each year from 2020 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

42.     Plaintiffs are former employees of Defendants who ostensibly were employed as waiters/servers and busboys. However, they spent over `20% of each shift performing the non-tipped duties described above. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Leonardo Pajarito*

43.     Plaintiff Pajarito was employed by Defendants from approximately September 2020 until on or about February 15, 2021.

44.     Defendants ostensibly employed Plaintiff Pajarito as a busboy.

45.     However, Plaintiff Pajarito was also required to spend a significant portion of his work day performing the non-tipped duties described above.

46.     Although Plaintiff Pajarito ostensibly was employed as a busboy, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

47.     Plaintiff Pajarito regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

48.     Plaintiff Pajarito's work duties required neither discretion nor independent judgment.

49.     From approximately September 2020 until on or about December 2020, Plaintiff Pajarito worked from approximately 3:00 p.m. until on or about 3:00 a.m. four days a week and from approximately 3:00 p.m. until on or about 4:00 a.m. one day a week (typically 61 hours per week).

50.     From approximately January 2021 until on or about February 15, 2021, Plaintiff Pajarito worked from approximately 3:00 p.m. until on or about 10:00 p.m. Wednesdays through Saturdays and from approximately 11:00 a.m. until on or about 10:00 p.m. to 11:00 p.m., on Sundays (typically 39 to 40 hours per week).

51.     Throughout his employment, Defendants paid Plaintiff Pajarito his wages by personal check.

52.     From approximately September 2020 until on or about February 15, 2021, Defendants paid Plaintiff Pajarito a fixed salary of $25 per shift.

53.     Plaintiff Pajarito's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants required Plaintiff Pajarito to work an additional hour past his scheduled departure time one day per week, and did not pay him for the additional time he worked.

55.     Defendants never granted Plaintiff Pajarito any breaks or meal periods of any kind.

56.     Plaintiff Pajarito was never notified by Defendants that his tips were being included as an offset for wages.

57.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Pajarito's wages.

58.     Defendants illegally withheld a portion of the cash tips customers paid Plaintiff Pajarito;

59.     Similarly, Defendants withheld a portion of the credit card tips customers wrote in for Plaintiff Pajarito.

60.     In order to release his pay, Defendants forced Plaintiff Pajarito to sign time sheets which showed him working much fewer hours than those he actually worked.

61.     Specifically, Defendants threatened Plaintiff Pajarito that they would not pay him and would fire him if he did not sign the time sheets which falsely stated that he only worked from 5:00 p.m. to 10:00 p.m.

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pajarito regarding overtime and wages under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Pajarito an accurate statement of wages, as required by NYLL 195(3).

64.     Defendants did not give any notice to Plaintiff Pajarito, in English and in Spanish (Plaintiff Pajarito's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants required Plaintiff Pajarito to purchase "tools of the trade" with his own funds—including a uniform and shoes.

*Plaintiff Carlos Perez*

66.     Plaintiff Perez was employed by Defendants from approximately August 2020 until on or about February 2021.

67.     Defendants ostensibly employed Plaintiff Perez as a busboy.

68.     However, Plaintiff Perez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

69.     Although Plaintiff Perez ostensibly was employed as a busboy, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

- 10 -

70.     Plaintiff Perez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

71.     Plaintiff Perez's work duties required neither discretion nor independent judgment.

72.     From approximately August 2020 until on or about November 2020, Plaintiff Perez worked from approximately 3:00 p.m. until on or about 1:00 a.m. to 1:30 a.m., Tuesdays through Sundays (typically 60 to 63 hours per week).

73.     During the month of December 2020, Plaintiff Perez worked from approximately 3:00 p.m. until on or about 12:00 a.m. Wednesdays, Fridays, Saturdays and Sundays (typically 36 hours per week).

74.     During the month of January 2021, Plaintiff Perez worked from approximately 4:00 p.m. until on or about 11:00 p.m.  Wednesdays, Fridays, Saturdays and Sundays (typically 28 hours per week).

75.     During the month of February 2021, Plaintiff Perez worked from approximately 4:00 p.m. until on or about 12:00 a.m.  Thursdays, Fridays, Saturdays and Sundays (typically 32 hours per week).

76.   Throughout his employment, Defendants paid Plaintiff Perez his wages by check.

77.     Throughout his employment, Defendants paid Plaintiff Perez his wages by personal check.

78.     From approximately August 2020 until on or about February 2021, Defendants paid Plaintiff Perez a fixed salary of $30.00 per day.

79.     Plaintiff Perez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

80.     For example, Defendants required Plaintiff Perez to work an additional hour and a half past his scheduled departure time every day, and did not pay him for the additional time he worked.

81.     Defendants never granted Plaintiff Perez any breaks or meal periods of any kind.

82.     Plaintiff Perez was never notified by Defendants that his tips were being included as an offset for wages.

83.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Perez's wages.

84.     Defendants illegally withheld a portion of the cash tips customers paid Plaintiff Perez

85.     Similarly, Defendants withheld a portion of the credit card tips customers wrote in for Plaintiff Perez.

86.     In order to release his pay, Defendants forced Plaintiff Perez to sign time sheets which showed him working much fewer hours than those he actually worked

87.     Specifically, Defendants threatened Plaintiff Perez that they would not pay him and would fire him if he did not sign the time sheets which falsely stated that he only worked from 5:00 p.m. to 10:00 p.m. or from 6:00 p.m. to 11:00 p.m.

88.     Furthermore, from January 2021until his departure in February 2021, Defendants required Plaintiff Perez to write the false start and stop times on the time sheets and then sign the false document.

89.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

90.     Defendants did not provide Plaintiff Perez an accurate statement of wages, as required by NYLL 195(3).

91.     Defendants did not give any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jonathan Sanchez*

92.     Plaintiff Sanchez was employed by Defendants from approximately August 2020 until on or about May 2021.

93.     Defendants ostensibly employed Plaintiff Sanchez as a waiter/server.

94.     However, Plaintiff Sanchez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

95.     Although Plaintiff Sanchez ostensibly was employed as a waiter/server, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

96.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

97.     Plaintiff Sanchez 's work duties required neither discretion nor independent judgment.

98.     From approximately August 2020 until on or about September 2020, Plaintiff Sanchez worked from approximately 3:00 p.m. until on or about 11:00 p.m., Thursdays and Fridays and from approximately 9:45 a.m. until on or about 11:00 p.m. on Saturdays and Sundays (typically 42.5 hours per week).

99.      From approximately September 2020 until on or about May 2021, Plaintiff Sanchez worked from approximately 3:00 p.m. until on or about 11:00 p.m., Mondays, Thursdays and Fridays and from approximately 9:45 a.m. until on or about 11:00 p.m. on Saturdays and Sundays (typically 50.5 hours per week).

100.    Throughout his employment, Defendants paid Plaintiff Sanchez his wages by personal check.

101.    From approximately August 2020 until on or about March 20, 2016, Defendants paid Plaintiff Sanchez $5.00 per hour.

102.    From approximately March 21, 2016 until on or about December 2016, Defendants paid Plaintiff Sanchez $7.50 per hour.

103.    From approximately January 2017 until on or about May 2021, Defendants paid Plaintiff Sanchez a fixed salary $120 per week.

104.    Plaintiff Sanchez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

105.    For example, Defendants required Plaintiff Sanchez to work an additional hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

106.    Defendants never granted Plaintiff Sanchez any breaks or meal periods of any kind.

107.    Plaintiff Sanchez was never notified by Defendants that his tips were being included as an offset for wages.

108.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sanchez 's wages.

109.    Defendants illegally withheld a portion of the cash tips customers paid Plaintiff Sanchez.

110.    Similarly, Defendants withheld a portion of the credit card tips customers wrote in for Plaintiff Sanchez.

111.    In order to release his pay, Defendants forced Plaintiff Sanchez to sign time sheets which showed him working much fewer hours than those he actually worked.

112.    Specifically, Defendants threatened Plaintiff Sanchez that they would not pay him and would fire him if he did not sign the time sheets which falsely stated that he only worked from5:00 p.m. to 10:00 p.m. or from 6:00 p.m. to 11:00 p.m.

113.    Furthermore, from January 2021until his departure in February 2021, Defendants required Plaintiff Sanchez to write the false start and stop times on the time sheets and then sign the false document.

114.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

115.    Defendants did not provide Plaintiff Sanchez an accurate statement of wages, as required by NYLL 195(3).

116.    Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez 's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

117.    Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including colored shirts, non-slip shoes and face masques.

*Defendants' General Employment Practices*

118.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

119.    Defendants required Plaintiffs, and all other similarly situated employees, to perform general non-tipped restaurant tasks in addition to their primary duties as server and busboy. Plaintiffs and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

120.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages

they were owed for the hours they worked.

121.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

122.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

123.    Defendants required Plaintiffs, and all other similarly situated employees, to perform general non-tipped restaurant tasks in addition to their primary duties as waiters and busboys.

124.    Plaintiffs and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

125.    Plaintiffs and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

126.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

127.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

128.    The waiters' and busboys' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

129.     In violation of federal and state law as codified above, Defendants classified Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

130.     Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

131.     Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

132.     Defendants failed to maintain a record of tips earned by Plaintiffs who worked as waiters/servers and busboys for the tips they received.

133.     Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

134.     Defendants required Plaintiffs to sign a document which falsely stated the hours they worked.

135.     Defendants paid Plaintiffs their wages by personal checks.

136.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

137.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

138.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

139.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

140.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

141.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

142.     Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by

Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

143.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records required by the FLSA.

144.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

145.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

147.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

148.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

149.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

150.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

151.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

152.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

153.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

154.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

155.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

156.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

157.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

158.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

159.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

160.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

161.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

162.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

163.    Defendants' failure to pay Plaintiff's overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

164.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

165.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

166.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

167.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

168.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

169.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

170.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

171.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

172.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

173.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

174.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

175.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

176.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

177.     Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

178.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

179.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

180.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

181.     Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

182.     Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

183.     Plaintiffs were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 8, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 17, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Carlos Perez
Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 *Carlos Perez*

Date / Fecha:                      17 de febrero 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                  Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

February 18, 2021

BY HAND

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Leonardo Pajarito

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          18 de Febrero 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 17, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jonathan Sanchez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              17 de Febrero 2021

*Certified as a minority-owned business in the State of New York*